UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 18-50046

JULIE SUE FARRIS,                                         Chapter 7

          Debtor.                               Judge Thomas J. Tucker
_____/

**ORDER OVERRULING THE DEBTOR'S OBJECTION
TO THE TRUSTEE'S FEE APPLICATION**

      This case is before the Court on the Chapter 7 Trustee's fee application (Docket # 56, the "Fee Application"), in which the Trustee seeks approval of a fee of $14,271.36 plus reimbursement of expenses of $75.00. On May 30, 2023, the Debtor filed an objection to the Fee Application (Docket # 61, the "Objection"). No other objections to the Fee Application have been filed, and the deadline for objections has passed.

      The Court has reviewed the Fee Application, the Objection, the Trustee's Final Report (Docket # 57), and other relevant parts of the record in this case. The Court concludes that a hearing on the Objection is not necessary, that the Objection should be overruled, and that the Fee Application should be granted in full.

      The Court finds that the Trustee's requested fee is consistent with the Trustee compensation under the formula in 11 U.S.C. § 326(a). The Court also finds that under the circumstances of this case, the requested fee is reasonable, under 11 U.S.C. §§ 326(a) and 330(a)(1).

      In the Debtor's Objection, contained in the Debtor's letter dated May 8, 2023 (Docket # 61 at pdf p. 3), the Debtor argues that the Trustee's requested fee amount is excessive, but the Debtor's argument is unpersuasive. Moreover, the Court notes that in determining the reasonableness of the Trustee's requested fee, there is no valid basis for comparing the amount of that fee to the amount of the Debtor's paid exemption. The latter amount (the exemption amount) is determined by the Bankruptcy Code's exemption provisions, in this case 11 U.S.C. §§ 522(d)(5) and 522(d)(11)(D),[1] and has nothing whatsoever to do with the issue of whether the Trustee's requested fee amount is reasonable.

      The Court further notes that the Trustee's requested fee would have to be reduced by more than $2,721.03 before the Debtor could possibly obtain any distribution in this case, in addition to the previous payment of her $35,925.00 exemption. That is because under 11 U.S.C. § 726(a), the allowed claims of the non-priority (general) unsecured creditors would have to be

---

[1] *See* the Debtor's amended Schedule C, filed November 10, 2020 (Docket # 27) at pdf p. 2.

paid in full, plus interest, before the Debtor could be paid any surplus. Currently, those creditors (not counting the lien creditors paid by the "LIEN HOLDBACK FEES") are to be paid a total of $42,508.05. That is $2,721.03 less than the total principal amount of the allowed claims of such creditors.

For these reasons,

IT IS ORDERED that:

1. The Debtor's Objection (Docket # 61) is overruled.

2. The Trustee's Fee Application will be granted in full, if and after the Trustee submits a proposed fee order.

**Signed on May 31, 2023**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**